**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

YOHONIA M. MARTIN, :
:
      Plaintiff, :
:
v. : CIVIL ACTION NO.
: 2:11-CV-284-RWS
GWINNETT MEDICAL :
CENTER, LABOR & :
DELIVERY/NURSING DEPT., :
:
      Defendant.

## ORDER

Plaintiff Yohonia Martin, *pro se*, filed this action on October 13, 2011 against Gwinnett Medical Center, Labor & Delivery/Nursing Department and requested that she be permitted to proceed *in forma pauperis*. On November 1, 2011, Magistrate Judge Susan S. Cole entered an order granting Plaintiff's Motion to Proceed In Forma Pauperis and directed the Clerk to assign the case for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is

frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

Here, Plaintiff's Complaint must be dismissed as this Court lacks subject matter jurisdiction. In the absence of an express grant of statutory jurisdiction, original jurisdiction may be predicated upon the presence of either a federal question or diversity of citizenship. Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). In her Complaint, Plaintiff makes clear that she is bringing state law claims, asserting "[violation of] the right of privacy[, . . .] invasion of right of privacy by unlawful publication[,] . . . negligence[,] medical malpractice[,] willful and malicious acts[, violation of the] emergency room standard of care[, and violation of the] patient[']s right to know." Compl., Dkt. No. [5] at 2. None of these claims arise out of federal law.

Further, diversity does not exist in this action as a Georgia Plaintiff has brought a claim against a Georgia Defendant. See 28 U.S.C. § 1332. Thus, this Court does not have jurisdiction over this matter and the action must be

**DISMISSED, without prejudice**. Plaintiff's Motion for Conference [6] is

**DENIED, AS MOOT.** The Clerk is directed to close this case.

**SO ORDERED**, this  14th  day of November, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

3